**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Raz Bernard TURNER, Defendant–
Appellant.**

**No. 01–1377.**

United States Court of Appeals,
Sixth Circuit.

Nov. 18, 2002.

Before KEITH and DAUGHTREY, Circuit Judges, and KATZ,* District Judge.

PER CURIAM.

Defendant–Appellant, Raz Bernard Turner, appeals his conviction of distribution of cocaine base in violation of 21 U.S.C. § 841. The conviction was entered after Turner pled guilty as part of an agreement with the government. Turner claims that the government breached the agreement by not acting in good faith in determining whether to file a motion for a reduction of sentence pursuant to U.S.S.G. § 5K1.1. Turner further contends that because the government induced his guilty plea with an "illusory" promise, his plea was not knowing and voluntary. He asks that his guilty plea be vacated and the matter remanded to the district court. We find that the government did not breach its agreement with Turner, and that his guilty plea was

knowing and voluntary. Accordingly, we AFFIRM the judgment of the district court.

## I. BACKGROUND

On December 15, 1999, a federal grand jury returned an indictment charging Raz Bernard Turner and eleven co-defendants with conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841 and 846 and individual counts of distribution of cocaine base in violation of 21 U.S.C. § 841. Through counsel, Turner entered into plea negotiations with the government. Pursuant to a proffer agreement, Turner was interviewed by government agents on April 21, 2000. On April 26, the government sent a proposed plea agreement to defense counsel. Turner pled guilty to the distribution count on July 31, 2000. At that time, Turner and the government executed the plea agreement that the government had proposed in April.

In the plea agreement, Turner agreed to cooperate with the government in its investigation of the conspiracy. Specifically, Turner agreed to "continue to provide information to government investigators as requested." In return, the government agreed to recommend the lowest end of the sentencing guideline range and to seek dismissal of the first count of the indictment (the conspiracy charge). Furthermore, the government agreed to use good faith in determining whether or not to file a motion for reduction of sentence pursuant to U.S.S.G. § 5K1.1. The agreement stated that Turner understood that the government was not promising to file such a motion; rather, it promised to use good faith in evaluating his assistance to the government in the prosecution of others to determine whether or not such a motion should be filed.

---

* The Hon. David A. Katz, United States District Judge for the Northern District of Ohio, sitting my designation.

The government never filed a 5K1.1 motion. On February 22, 2001, Turner was sentenced to 151 months in prison.

## II.  ANALYSIS

### A.  Standard of Review

Plea agreements are contractual in nature. In interpreting and enforcing them. we apply traditional principles of contract law. *United States v. Robison*, 924 F.2d 612, 613 (6th Cir.1991). Questions regarding the content of the plea agreement are questions of fact; this court reviews the district court's determination of those questions for clear error. *Id.* However, whether the government's conduct violated the agreement is a question of law that we review de novo. *United States v. Wells*, 211 F.3d 988, 995 (6th Cir.2000).

Because Turner did not seek vacation of his sentence in the district court, the issue of whether he is entitled to withdraw his guilty plea because it was not knowing and voluntary is reviewed for plain error. Fed. R.Crim. Proc. 52(b); *see also Johnson v. United States*, 520 U.S. 461, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). An appellate court may correct an error not raised at trial if there exists an error that is plain and that affects substantial rights. *See Johnson*, 520 U.S. at 467, 117 S.Ct. 1544. If this standard is met, the court must then "determine whether the forfeited error seriously affects the fairness, integrity or public reputation of judicial proceedings before it may exercise its discretion to correct the error." *Id.* at 469–70, 117 S.Ct. 1544 (citation and quotation omitted).

### B.  Whether the Government Breached Its Agreement To Use Good Faith In Determining Whether To File a 5K1.1 Motion.

The district court concluded that the United States used good faith in evaluating defendant Turner's assistance and cooperation. On appeal, Turner alleges that the government did not fulfill its promise to use good faith in determining whether or not to file a motion for a downward departure from the sentencing guidelines based on Turner's cooperation.

Our analysis begins with the language of the agreement. The government agreed "to use good faith in determining whether or not to file" a 5K1.1 motion. The agreement stated that Turner "fully understands that such a motion may be filed . . . if, and only if, the Defendant fully cooperates with the government and materially and substantially assists the government in the prosecution of others." The agreement further stated that Turner "fully understands that this paragraph is not a promise by the government to file such a motion; but, rather, a promise to use good faith in evaluating the Defendant's assistance to the Government in the prosecution of others . . . ."

The record strongly suggests that Turner did not materially and substantially assist the government in the prosecution of any of his co-defendants. Five of Turner's co-defendants had already entered guilty pleas by the time Turner pled guilty and executed the plea agreement on July 31, 2000. In his proffer, Turner had denied any knowledge of drug activity on the part of four of those five men. Turner stated that he had once purchased crack from co-defendant Therion Clark and that he had seen Clark sell crack. However, this information was not especially helpful to the government. At the time of Turner's proffer, Clark was already cooperating with the government. According to the government, his guilty plea did not result from the incriminating information provided by Turner.

Three of Turner's co-defendants entered guilty pleas after July 31, 2000. In his

proffer, Turner had denied any knowledge of drug activity on the part of these men, even though one of the men was present for, participated in, and pled guilty to the same cocaine transaction to which Turner pled guilty.

At Turner's sentencing hearing, the judge asked defense counsel if he could provide "an example ... where [Turner] was helpful, [of] what [Turner] said that was helpful." Defense counsel responded: "Not right now, Your Honor." Defense counsel stated his belief that Turner had been "minimally" helpful, and pointed out that whether Turner's assistance was "substantial" is "subjective."

██ The government evaluated Turner's assistance and concluded that he had not materially and substantially assisted the government in the prosecution of others. We cannot say that this determination was made in bad faith. Rather, we think the government reasonably determined that Turner's assistance, which was "minimal" at best, did not warrant a downward departure from the sentencing guidelines.

C. Whether Turner's Plea Was Knowing and Voluntary

Turner argues that because the government induced his guilty plea with an "illusory" promise, his plea was not knowing and voluntary. A plea agreement that is not made knowingly and voluntarily is unenforceable. *United States v. Randolph,* 230 F.3d 243, 250–51 (6th Cir.2000). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

Turner claims that the government knew at the time the plea agreement was executed that it would not file a 5K1.1 motion. Therefore, he argues, the government's promise to use good faith in determining whether to file such a motion was illusory. In support of this argument, Turner cites *United States v. Knights,* 968 F.2d 1483, 1488 (2d Cir.1992), in which the Second Circuit held that the government may not rely solely on "known, pre-agreement circumstances as reasons for not moving" for a downward departure. The *Knights* court also stated that "it would have been fraudulent to have induced a defendant's plea with a promise that the government already knew it was not going to keep." *Id.*

██ We do not know what the government knew or intended at the time of the plea agreement. However, we would not characterize the government's promise as one it "already knew it was not going to keep." As discussed above, the government merely promised to use good faith in determining whether to file a 5K1.1 motion, and we believe the government kept this promise. Moreover, we believe the government would have filed the motion if, subsequent to July 31, 2000, Turner had provided helpful information regarding one or more of his co-defendants. Turner never provided such information to the government, even though one of the co-defendants was present for and participated in the same cocaine transaction to which Turner pled guilty. Therefore, even if *Knights* represented the law of this Circuit, it would not require us to vacate Turner's guilty plea.

III. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.